IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLIFTON LEE BATTLE, #1678495,<br>Petitioner, | § § § | |
| v. | § | 3:11-CV-1374-D (BK) |
| RICK THALER, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>Respondent. | § § § § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was automatically referred for findings, conclusions, and recommendation. For the reasons set out below, it is recommended that the petition for writ of habeas corpus be dismissed without prejudice for failure to exhaust state court remedies.

**I. BACKGROUND**

Petitioner, a Texas state inmate, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his Dallas County conviction for aggravated sexual assault of a child in case number F06-30144-JL. Respondent is the Director of the Texas Department of Criminal Justice. The Court did not issue process.

Following Petitioner's *nolo contendere* plea to aggravated sexual assault of a child under fourteen years, the trial court deferred adjudicating Petitioner's guilt, placed him on community supervision for a ten-year period, and assessed a $3,000 fine. *See* Petition (Doc. 2) at 2; *Battle v.*

*State*, 2010 WL 2698294 (Tex. App. – Dallas July 6, 2010, no pet.) (unpublished).[1] The state court of appeals affirmed the trial court's judgment. *Id.* On April 28, 2011, Petitioner filed a state habeas application that is still pending with the trial court. *See Ex parte Battle*, Cause No. W06-30144-A (docket sheet available on the Dallas County's Website).

In his federal petition, filed on June 23, 2011, Petitioner challenges the victim's age at the time of the alleged aggravated sexual assault. (Doc. 2 at 7.)[2]

## II. ANALYSIS

A state prisoner must exhaust all available state court remedies before a federal court will consider the merits of his habeas claims. *See* 28 U.S.C. § 2254(b) and (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Exhaustion of state court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir. 1999)). A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus pursuant to Article

---

[1] Petitioner also pled *nolo contendere* to sexual abuse of a child and was sentenced to six years imprisonment. Petitioner previously challenged this conviction. *See Battle v. Thaler*, No. 3:11-CV-1353-G-BH (N.D. Tex. Jun. 21, 2011) (magistrate judge's recommendation that the petition be dismissed without prejudice for failure to exhaust state court remedies).

[2] Petitioner is in custody for purposes of the habeas corpus statute. *See Caldwell v. Dretke*, 429 F.3d 521, 527-28 and n. 15 (5th Cir. 2005) (probation and deferred adjudicated probation orders satisfy the "in custody" habeas requirement and serve as final judgments for statute of limitations purposes under the habeas statute).

11.07 of the Texas Code of Criminal Procedure. *See Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

Petitioner has not satisfied the exhaustion requirement. While Petitioner appealed his conviction, he did not file a petition for discretionary review with the Court of Criminal Appeals. In addition, his state application remains pending in the trial court. Thus, the Court of Criminal Appeals has not had an opportunity to consider the claims that Petitioner raises in his federal petition, and they remain unexhausted.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court **DISMISS** the petition for writ of habeas corpus without prejudice for failure to exhaust state court remedies. *See* 28 U.S.C. § 2254(b) and (c).[3]

SIGNED July 8, 2011.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court cautions Petitioner that the 1996 amendments to the habeas corpus statute impose a one-year statute of limitations for filing habeas corpus petitions in federal court, *see* 28 U.S.C. § 2244(d), and that this provision is applicable to this petition as well as to any other petition that he may file in this court. Petitioner should act diligently and expeditiously in seeking habeas corpus relief in both state and federal court.

INSTRUCTIONS FOR SERVICE AND
<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE